UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MICHAEL WAYNE BANDY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:15-cv-01518-TWP-MJD |
| | ) | |
| INDIANA UNIVERSITY KOKOMO, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

Plaintiff Michael Wayne Bandy filed a Complaint alleging employment discrimination on September 28, 2015. [Dkt. 1.] Defendant Indiana University Kokomo answered the Complaint on November 30, 2015. [Dkt. 9.] The Court then issued an order setting an initial pretrial conference for January 21, 2016, which order required Plaintiff to appear in person for the conference. [Dkt. 10.] A copy of the Court's Order was mailed to the address provided by Plaintiff and was not returned undeliverable. Plaintiff failed to appear for the initial pretrial conference.

On January 22, 2016, the Court issued an Order to Show Cause to Plaintiff, ordering him to appear on February 18, 2016 to show cause as to why he should not be sanctioned for having failed to appear for the initial pretrial conference. [Dkt. 12.] The Order explicitly warned Plaintiff that failure to appear "may result in sanctions and/or dismissal of this action." *Id*. A copy of this Order was mailed to the address provided by Plaintiff and was not returned undeliverable. Again, Plaintiff failed to appear.

District courts possess inherent authority to dismiss a case *sua sponte* for a plaintiff's failure to prosecute. *Link v. Wabash R.R. Co.,* 370 U.S. 626 (1962); Fed. R. Civ. P. 41(b). The

authority is not unfettered, of course, and the district court must perpetually balance the competing interests of keeping a manageable docket against deciding cases on their merits. *Webber v. Eye Corp.*, 721 F.2d 1067, 1071 (7th Cir.1983).  A court may infer a lack of prosecutorial intent from such factors as the withdrawal of an attorney, the failure to appear at a scheduled hearing, and a failure to appear on time. *GCIU Employer Ret. Fund v. Chicago Tribune Co.*, 8 F.3d 1195, 1199 (7th Cir. 1993).  Here, Plaintiff has taken no action to further his case since filing the complaint five months ago. He violated this Court's orders twice by failing to appear, even in the face of an explicit warning that failure to appear could result in dismissal of the action.  For these reasons, the Magistrate Judge recommends that this matter be dismissed for Plaintiff's failure to prosecute.

    Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), and failure to timely file objections within fourteen days after service of this order shall constitute a waiver of subsequent review absent a showing of good cause for such failure.

Dated:  19 FEB 2016

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

MICHAEL WAYNE BANDY
7525 NATCHEZ COURT
INDIANAPOLIS, IN 46217

Michael C. Terrell
TAFT STETTINIUS & HOLLISTER LLP
mterrell@taftlaw.com

Michele Lee Richey
TAFT STETTINIUS & HOLLISTER LLP
MRichey@taftlaw.com